**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles H. Laux,                     )<br>                          Plaintiff,    )<br>vs.                                         )<br>Michael J. Astrue, Commissioner of )<br>Social Security,                        )<br>                          Defendant.  )<br>_____)  | No. CV-09-1320-PHX-DGC<br><br>**ORDER** |

Plaintiff Charles Laux filed an application for disability insurance benefits on June 7, 2004, and an application for supplemental security income on May 5, 2005. Tr. 74-75, 81-86, 152-54. The applications were denied. Tr. 15. A hearing before an Administrative Law Judge ("ALJ") was held on December 19, 2006. Tr. 39-42. The ALJ issued a written decision on March 14, 2007, finding Plaintiff not disabled within the meaning of the Social Security Act. Tr. 98-106. Plaintiff requested review by the Appeals Council and, in an order dated June 27, 2008, the Appeals Council vacated the March 14, 2007 hearing decision and remanded the case for further proceedings. Tr. 147-51. A remand hearing was held before the ALJ on November 10, 2008. Tr. 43-70. The ALJ issued a written decision on December 12, 2008, again finding that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 15-31. This decision became Defendant's final decision when the Appeals Council denied review. Tr. 8-10. Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Doc. 1. For reasons that follow, the Court will reverse Defendant's decision and remand the case for an award of benefits.

**I.     Standard of Review.**

The Court has the "power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Commissioner's decision to deny benefits "should be upheld unless it is based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). In determining whether the decision is supported by substantial evidence, the Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Id.*

**II.    Analysis.**

Whether a claimant is disabled is determined using a five-step evaluation process. To establish disability, the claimant must show (1) he is not currently working, (2) he has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) his residual functional capacity ("RFC") precludes him from performing his past work. At step five, the Commissioner must show that the claimant has the RFC to perform other work. 20 C.F.R. §§ 404.1520, 416.920.

Plaintiff has met his burden. He has not engaged in substantial gainful activity since the alleged disability onset date. Tr. 17, 30 ¶ 2. He has a severe combination of impairments – diabetes mellitus, degenerative disc disease, chronic obstructive pulmonary disease (COPD), obesity, sleep apnea, anxiety disorder, history of hepatitis C, and mood disorder (Tr. 17, 30 ¶ 3) – and those impairments preclude him from performing his past work as a bricklayer and masonry supervisor (Tr. 31 ¶ 7). At step five of the evaluation process, the ALJ concludes that Plaintiff has the RFC to perform a broad range of light exertional work. Tr. 19, 31 ¶ 6.

Plaintiff contends that the ALJ erred by failing properly to weigh medical source opinion evidence, by failing to credit his symptoms and properly weigh his credibility, by failing properly to consider third party reports, and by failing to resolve conflicts with the Dictionary of Occupational Titles. Doc. 22. The Court agrees that the ALJ failed properly

- 2 -

1  to weigh the opinions of a treating physician.

2  **A.    Treating Physician's Opinions.**

3  Larry Tamburro, M.D., has been Plaintiff's treating physician since at least 2004. On August 23, 2004, Dr. Tamburro opined that Plaintiff was limited to sedentary work because of his severe asthma and history of arthritis and bulging and herniated discs. Tr. 243-44.  Noting that Plaintiff has a history of "chronic severe neck pain with radiculopathy secondary to arthritis, as well as severe asthma," Dr. Tamburro opined one year later that Plaintiff's "asthma is severe enough that he is unable to do any work[.]" Tr. 592. On August 17, 2006, Dr. Tamburro opined that Plaintiff could not work because of "severe asthma" and "uncontrolled diabetes." Tr. 674. On December 31, 2007 and April 7, 2008, Dr. Tamburro wrote letters explaining that Plaintiff has a history of "type II diabetes mellitus, chronic neck pain due to severe arthritis and herniated disc, hepatitis C and severe asthma requiring continuous oxygen treatment," that he "is incapable of even sedentary work at this point," and that he "must be considered completely medically disabled[.]" Tr. 650-51. Finally, on August 13, 2008, Dr. Tamburro completed a medical assessment of Plaintiff's ability to do work-related activities, finding Plaintiff's physical impairments to be disabling and noting that those limitations reasonably could be expected to result from documented objective clinical or diagnostic findings. Tr. 663-64.

As Plaintiff's treating physician, Dr. Tamburro is "employed to cure and has a greater opportunity to know and observe [Plaintiff] as an individual." *McCallister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). His opinions regarding the severity of Plaintiff's impairments are therefore entitled to "special weight," and if the ALJ chooses to disregard them, "'he must set forth specific, legitimate reasons for doing so, and this decision itself must be supported by substantial evidence.'" *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988)) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (1986)); *see* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2); SSR 96-2p, 1996 WL 3741888, at *5 (July 2, 1996). The ALJ can meet this burden "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157

1 F.3d 715, 725 (9th Cir. 1998).  Plaintiff argues that the ALJ has not met his burden.  The
2 Court agrees.

3 The ALJ rejected Dr. Tamburro's medical opinions because (1) "[t]here is no
4 objective evidence to limit the claimant to sedentary work," (2) "there is no evidence to
5 support [Dr. Tamburro's] conclusion that the claimant has a herniated disc," (3) Dr.
6 Tamburro's notes and evaluations were limited, (4) Dr. Tamburro's opinions are "not
7 consistent with the evidence as a whole showing only mild degenerative disc disease and
8 moderate COPD symptoms," (5) Dr. Tamburro's conclusion that Plaintiff cannot work is a
9 conclusion reserved to the Commissioner, (6) Dr. Tamburro's opinion given in August 2008,
10 if true, would only be supported if there was a showing of "severe atrophy and weakening
11 of the lower limbs," (7) Dr. Tamburro notes that Plaintiff had "sedation/dizziness due to his
12 pain medication, which is not shown," and (8) Dr Tamburro may have merely "parroted"
13 Plaintiff's allegations in his opinions.  Tr. 28.

14 As to the ALJ's first reason for disregarding Dr. Tamburro's opinions – that there "is
15 no objective evidence to limit the claimant to sedentary work" – the Court finds that this
16 assertion is not sufficiently specific or detailed.  Tr. 28.  In order to reject the opinion of a
17 treating physician, the ALJ is required to set out a "detailed and thorough summary of the
18 facts and conflicting clinical evidence[.]"  *Reddick* 157 F.3d at 725.  The "ALJ must do more
19 than offer his conclusions.  He must set forth his own interpretations and explain why they,
20 rather than the doctors', are correct."  *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).  The
21 generalized conclusion of the ALJ, unsupported by any specific or detailed reason, is
22 insufficient.

23 The ALJ's second reason – that "there is no evidence to support [Dr. Tamburro's]
24 conclusion that the claimant has a herniated disc" – is also deficient.  Tr. 28.  Dr. Tamburro
25 stated in the August 2004 opinion that Plaintiff's ability to lift or carry certain amounts of
26 weight was based on a history of a herniated disc.  Tr. 243.  The ALJ is correct that there is
27 no evidence in the record showing a herniated disc.  The August 2004 opinion, however, is
28 not Dr. Tamburro's only opinion in which he states that Plaintiff is unable to work.  In

- 4 -

1  August 2005, Dr. Tamburro opined that Plaintiff's "asthma is severe enough that he is unable
2  to do any work or movement for any period of time due to the severity of his symptoms."
3  Tr. 592. In an opinion given one year later, Dr. Tamburro did not mention the herniated disc,
4  but rather made disability findings based on Plaintiff's "severe asthma" and "uncontrolled
5  diabetes." Tr. 674. In the opinions of December 2007 and April 2008, Dr. Tamburro based
6  his disability findings on many conditions beyond the herniated disc, including Plaintiff's
7  type II diabetes, chronic pain from arthritis, hepatitis C, and severe asthma requiring oxygen
8  treatment. Tr. 650-51. Moreover, if the ALJ wanted to use a lack of medical evidence of a
9  herniated disc as a reason to discredit Dr. Tamburro's multiple opinions on Plaintiff's
10 impairments, the ALJ should have informed Plaintiff and given him the opportunity to
11 provide medical evidence showing the existence and severity of his herniated disc. *See*
12 *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) ("In Social Security cases the ALJ has
13 a special duty to fully and fairly develop the record and to assure that the claimant's interests
14 are considered. This duty exists even when the claimant is represented by counsel. If the
15 ALJ thought he needed to know the basis of Dr. Hoeflich's opinions in order to evaluate
16 them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the
17 physicians or submitting further questions to them.") (citations and quotation marks omitted).
18 The Court cannot find that this reason is sufficiently specific and supported by substantial
19 evidence. *See Embrey*, 849 F.2d at 421.

20       The ALJ's third reason – that Dr. Tamburro's notes and examinations were limited
21 – is not sufficient. The ALJ addresses one examination by Dr. Tamburro in October 2004,
22 noting that "[a]bnormal clinical findings on examination were limited to decreased range of
23 motion of the neck." Tr. 21. The ALJ does not discuss Dr. Tamburro's examinations and
24 notes diagnosing Plaintiff with uncontrolled diabetes and severe asthma, the primary basis
25 for his finding of disability. *See* Tr. 592, 674. Dr. Tamburro acted as Plaintiff's primary care
26 physician from at least 2004. He performed multiple examinations, rendered diagnoses,
27 referred Plaintiff to specialists, and followed through with treatment plans. *See* Tr. 320-22,
28 326-30, 338, 387-89, 572, 579-82, 585-86, 590, 593, 610, 613-14, 665-67, 672, 676, 745-46,

749-51, 756, 764. He provided numerous opinions that Plaintiff is disabled and explained the reasons for those opinions. *See* Tr. 243, 592, 650-51, 663-64, 674. As Plaintiff's primary care physician, Dr. Tamburro is "employed to cure and has a greater opportunity to know and observe [Plaintiff] as an individual." *McCallister*, 888 F.2d at 602. The fact that his notes may not be elaborate, standing alone, is not a sufficient reason to reject his medical opinions. In order to properly reject Dr. Tamburro's opinions under the law of this Circuit, the ALJ was required to set forth his own interpretations of the medical evidence and "explain why they, rather than [Dr. Tamburro's], are correct." *Orn*, 495 F.3d at 632. The conclusory assertion that Dr. Tamburro's underlying notes were brief is simply not a sufficient reason for the ALJ to find his opinions not credible.

The ALJ's fourth reason is also insufficient. The ALJ asserts that Dr. Tamburro's opinions are "not consistent with the evidence as a whole showing only mild degenerative disc disease and moderate COPD symptoms." Tr. 28. The ALJ does not, however, point to a single piece of medical evidence to support this assertion. "To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity [Ninth Circuit] cases have required[.]" *Embrey*, 849 F.2d at 421.

The ALJ also finds that Dr. Tamburro's conclusion that Plaintiff cannot work is entitled to no weight because that conclusion is reserved for the Commissioner. Tr. 28. While the ALJ is not bound by Dr. Tamburro's opinions that Plaintiff is disabled, this does not render those opinions unworthy of serious consideration. "The subjective judgments of treating physicians are important, and properly play a part in their medical evaluations." *Embrey*, 849 F.2d at 422. "Accordingly, the ultimate conclusions of those physicians must be given substantial weight; they cannot be disregarded unless [specific and legitimate] reasons for doing so exist and are set forth in proper detail." *Id.*

The ALJ also concludes that Dr. Tamburro's 2008 opinion is not entitled to weight because, if it were true, "one would expect to see severe atrophy and weakening of the lower limbs[.]" Tr. 28. The ALJ finds no such showing in the record and therefore concludes that

- 6 -

1  Dr. Tamburro's opinion must be incorrect. But the ALJ does not explain why one would
2  "expect to see" such evidence in the record, and his opinion therefore does not provide a
3  "specific, legitimate reason" for refusing to give weight to Dr. Tamburro's opinion. *Embrey*,
4  849 F.2d at 421.

5  The ALJ finds that Dr. Tamburro's opinions are not entitled to weight because Dr.
6  Tamburro stated in a report that Plaintiff had "sedation/dizziness due to his pain medication,"
7  which is not shown in the record. Tr. 28; *see* Tr. 664. To the contrary, a medical record
8  dated March 3, 2007 notes that Plaintiff is suffering from "confusion" and "dizziness." Tr.
9  667. Moreover, Dr. Tamburro's statement that Plaintiff has complained of occasional
10 dizziness was made in response to a specific question on the assessment form about
11 medication side effects. While Dr. Tamburro may have found the dizziness sufficiently
12 important to note it when asked about medication side effects, it is quite possible that such
13 effects were not substantial or important enough for Plaintiff to develop throughout the
14 record given that dizziness is not one of the alleged disabling impairments. If the ALJ
15 wanted to use a lack of medical evidence of medication-related dizziness to discredit Dr.
16 Tamburro's opinions, the ALJ should have informed Plaintiff and given him the opportunity
17 to provide additional supporting medical evidence. *See Smolen*, 80 F.3d at 1288 ("In Social
18 Security cases the ALJ has a special duty to fully and fairly develop the record and to assure
19 that the claimant's interests are considered.").

20 Finally, the ALJ discredited Dr. Tamburro's opinions because he "may have merely
21 parroted the claimant's allegations in his opinion." Tr. 28. In support of this belief, the ALJ
22 notes that Plaintiff requested Dr. Tamburro to write him letters saying he was unable to work.
23 Tr. 28. But absent other evidence to undermine the credibility of a medical report, "the
24 purpose for which the report was obtained does not provide a legitimate basis for rejecting
25 it." *Reddick*, 157 F.3d at 722. The ALJ notes that, in Plaintiff's request for a letter in August
26 of 2005, Plaintiff wanted Dr. Tamburro to write that he was "unable to work for the past year
27 due to severe asthma and neck pain with a herniated disc." Tr. 28. The ALJ notes that the
28 letter that Dr. Tamburro wrote stated that "claimant was unable to work for a year due to

severe neck pain with radiculopathy and severe asthma." Tr. 28. The ALJ argues that this tends to show that Dr. Tamburro was merely parroting Plaintiff's allegations. Even if Dr. Tamburro's letter of 2005 was merely parroting Plaintiff's complaints, however, this does not explain why Dr. Tamburro's findings in 2008 – that Plaintiff cannot work because of "asthma, diabetes, arthritis with degenerative disc disease, Hepatitis C, COPD" and the need to change positions regularly – were not entitled to weight. Tr. 663. Moreover, the fact that Dr. Tamburro's letter stated that Plaintiff had the conditions that Plaintiff complained of is not evidence that Dr. Tamburro was stating invalid opinions. The fact that Dr. Tamburro's letter mirrored Plaintiff's complaint may be seen as evidence that Dr. Tamburro diagnosed Plaintiff with the same problems about which Plaintiff complained. The ALJ "'may not assume that doctors routinely lie in order to help their patients collect disability benefits.'" *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995) (citation omitted). While the Commissioner "'may introduce evidence of actual improprieties,' no such evidence exists here." *Id.*

Although the ALJ provides reasons for disregarding Dr. Tamburro's multiple opinions of disabling impairments, the Court finds that they are not sufficiently "detailed, reasoned, and legitimate." *Embrey*, 849 F.2d at 422. The Court therefore concludes that the ALJ's rejection of Dr. Tamburro's opinions constitutes legal error.

**B.  Remand for an Award of Benefits.**

Having considered the record as a whole, the Court concludes that Defendant's decision denying benefits should be reversed because it is based on legal error and is not supported by substantial evidence. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (2008). This Circuit has held that evidence should be credited as true, and an action remanded for an award of benefits, where (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, (2) no outstanding issues remain that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were the rejected evidence credited as true. *See, e.g.*, *Varney v. Sec'y of HHS*, 859 F.2d 1396, 1400 (9th Cir. 1988); *Smolen v. Chater*,

1  80 F.3d 1273, 1292 (9th Cir. 1996); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004);
2  *Orn v. Astrue*, 495 F.3d 625, 640 (9th Cir. 2007).

3  Dr. Tamburro found Plaintiff to be 100 percent disabled and unable to work. *See* Tr.
4  138, 243, 592, 650, 663, 674. The ALJ found Dr. Tamburro's opinions not credible. Tr. 28.
5  As discussed above, however, the ALJ's reasons for rejecting Dr. Tamburro's opinions were
6  not legally sufficient. As a result, the Court must consider whether it is clear from the record
7  that the ALJ would be required to find Plaintiff disabled were the rejected evidence credited
8  as true. Here, the rejected evidence makes clear that Plaintiff has, among other things,
9  uncontrolled diabetes, chronic neck pain, and "severe asthma requiring continuous oxygen
10 treatment." Tr. 650-51; *see* Tr. 243-44, 592, 663-64, 674. The vocational expert stated that
11 if Plaintiff needed continuous oxygen treatment, such treatment would eliminate Plaintiff's
12 ability to do even light work – which includes all the jobs that the vocational expert had
13 stated Plaintiff otherwise could do. Tr. 65. The ALJ specifically asked if continuous oxygen
14 would eliminate any job, and the vocational expert said yes. Tr. at 65-66. As a result,
15 Dr. Tamburro's opinion, if credited as true, would mean that Plaintiff does not have the RFC
16 to perform other work and is disabled.

17 Defendant urges the Court should not to follow the "credit as true" doctrine, asserting
18 that deficiencies in the ALJ's decision are correctable through administrative action.
19 Whether or not this Court agrees with the doctrine, the overwhelming authority in this Circuit
20 makes clear that the doctrine is mandatory.[1] This Court must follow *Varney* and its progeny.
21 *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (neither a district court nor a three-
22 judge panel may overrule a prior decision of the court unless it has been "undercut by higher

---

[1] *See Varney v. Sec. of HHS*, 859 F.2d 1396, 1400 (9th Cir. 1988); *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989); *Rodriguez v. Bowen*, 876 F.2d 759, 763 & n.11 (9th Cir. 1989); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Reddick v. Chater*, 157 F.3d 715, 729 (9th Cir. 1998); *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000); *Moore v. Comm'r of Soc. Sec.*, 278 F.3d 920, 926 (9th Cir. 2002); *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004); *Lingenfelter v. Astrue*, 504 F.3d. 1028, 1041 (9th Cir. 2007); *Vasquez v. Astrue*, 572 F.3d 586, 594 (9th Cir. 2009).

authority to such an extent that it has been effectively overruled"). A remand for an award of benefits is required by the law of the Ninth Circuit.

**IT IS ORDERED:**

1. Defendant's decision denying benefits is **reversed**.

2. The Clerk is directed to remand the case for an award of benefits.

DATED this 15th day of September, 2010.

_____
David G. Campbell
United States District Judge