**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles H. Laux, | No. CV09-1320 PHX-DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| Michael Astrue, Commissioner of Social Security Administration | |
| Defendant. | |

After having prevailed in the main action and obtaining a reversal of Defendant's denial of disability benefits, Plaintiff moves for attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"). Doc. 26. Defendant opposes on the ground that EAJA does not entitle Plaintiff to an award because Defendant's position was substantially justified.[1] Doc. 27. The motion has been fully briefed (Docs. 26, 27, 30), and the parties do not request oral argument. For the reasons below, the Court will grant the motion.

The EAJA entitles a prevailing party to fees and other expenses "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). A position is substantially justified if it has a reasonable basis in law and fact. *Pierce v.*

---

[1] Defendant also argues, in a footnote, that Plaintiff's motion filed October 15, 2010, is premature because it should have been brought within thirty days after a final judgment, and this Court's judgment reversing benefits will become final only if no appeal is filed before November 15, 2010. Doc. 27 at 1 n.1. The appeal deadline has since passed and Defendant has not filed an appeal. Defendant's argument is, therefore, moot.

*Underwood*, 487 U.S. 552, 565 (1988); *accord Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995).  The burden of persuasion is on the non-prevailing party.  *Flores*, 49 F.3d at 569.

In reversing Defendant's denial and remanding for an award of benefits, this Court held that Defendant's decision "was based on legal error and [was] not supported by substantial evidence." Doc. 24 at 8:21-22.  In light of this conclusion, the Court concludes that Defendant's position was not substantially justified.

Because Defendant does not challenge the amount of fees and costs, the Court will award the full amount requested by Plaintiff in its motion.  In its reply, Plaintiff requests incremental fees for 2.8 hours its counsel labored on the reply.  The Court concludes that the length of the reply brief was excessive in light of the straightforward nature of the issue before the Court, and will not award fees for the reply.

**IT IS ORDERED:**

1. Plaintiff's motion for fees and costs (Doc. 26) is **granted**.  Plaintiff is awarded $6,309.50 in attorneys' fees and costs.

2. Plaintiff's incremental request for fees (Doc. 30) is **denied**.

DATED this 11th day of January, 2011.

David G. Campbell
United States District Judge